UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

EUGENIO MOJICA ARIAS,

      Petitioner,

    v.

BRIAN ENGLISH, Warden of Miami
Correctional Facility,

      Respondent.

CAUSE NO. 3:26cv440 DRL-SJF

## OPINION AND ORDER

Immigration detainee Eugenio Mojico Arias, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States.

The parties agree that Mr. Mojica Arias is citizen of Colombia who entered the United States without inspection. He was arrested by United States Border Patrol agents near the United States-Mexico border in February 2022, served with a notice to appear in immigration court, and released on his own recognizance. In February 2026, he was arrested in Buffalo, New York, on charges of criminal mischief and burglary. These charges remain pending as far as the record shows. He was taken into custody by United States Immigration and Customs Enforcement (ICE) agents pursuant to an administrative warrant, and then transferred to Miami Correctional Facility, where he is being held pending the conclusion of his removal proceedings. He argues that he has not been given an opportunity for release on bond, and that his detention violates applicable statutes and the Fifth Amendment's Due

Process Clause.[1] He seeks immediate release from custody or, alternatively, a custody redetermination hearing before an immigration judge.

In an order to show cause, the court directed the Warden to answer the petition in light of *De Jesús Aguilar v. English*, No. 3:25cv898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), which joined a large majority of other courts in concluding that § 1225(b)(2) does not apply to noncitizens when they are not "seeking admission" within the statute's meaning. *See also Singh v. English*, No. 3:25cv962, 2025 WL 3713715, 5 (N.D. Ind. Dec. 23, 2025) ("In short, under § 1225(b)(2), an alien must be an 'applicant for admission,' and the alien must be 'seeking admission,' and an examining immigration officer must determine that this alien 'is not clearly and beyond a doubt entitled to be admitted' for mandatory detention to occur under this subsection."). The Warden was instructed to address why this case differs from *Aguilar*, why the court should examine subject matter jurisdiction differently, and whether there is cause to address the outcome differently. That response has been filed, and Mr. Mojica Arias has filed a reply.

The Warden (through his federal counsel) repeats his arguments from *Aguilar* and other recent cases that the court lacks jurisdiction over the petition and that Mr. Mojica Arias's detention is authorized by § 1225(b)(2). These arguments were rejected in *Aguliar* and *Singh* (and other decisions). *See also Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419

---

[1] By regulation, the Attorney General has discretion to re-detain a noncitizen who has been released on his or her own recognizance. 8 CFR § 236.1(c)(9); *see also Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981) (noncitizen released on bond may be re-detained where there is a "change of circumstance"). Mr. Mojica Arias does not dispute that he was arrested in February 2026 on a criminal charge or argue that changed circumstances for his re-detention were lacking. Instead, his claims focus on his right to a custody redetermination hearing before an immigration judge following his re-detention.

(N.D. Ind. Dec. 16, 2025) (Brisco, J.). The court continues to be of the view that jurisdiction is secure insofar as this opinion goes, and that § 1225(b)(2) cannot reasonably be interpreted in the manner urged by the government.

Notably, the court of appeals recently found in deciding a motion for a stay pending appeal that the government was not likely to succeed on the merits of its argument that the mandatory detention provision contained in § 1225(b)(2) applies to individuals who are arrested in the interior of the United States, *see Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025), and thereafter reached an opinion on the merits that echoed what this court has done, though one judge concurred in the judgment and not in each part of the opinion's rationale and one judge dissented such that at times it reads as 2-1 decision and at times, in effect, as a 1-1-1 decision, *see Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 2026 WL 1223250 (7th Cir. May 5, 2026). The Second Circuit, Sixth Circuit, and Eleventh Circuit reached a similar conclusion on the merits to *Aguilar* and *Singh*. The court also read the split decisions from the Fifth Circuit and Eighth Circuit. These opinions, together with others, illustrate just how complicated this patchwork of statutes is, but the court remains persuaded in its current course under *Aguilar* and *Singh*, not least in light of *Castañon-Nava*.

The question remains whether there is anything unique here that would warrant a different conclusion than that reached in both *Aguilar* and *Singh*. The court can find no such reason. Whether Mr. Mojica Arias is an "applicant for admission" within the meaning of § 1225(b)(2), he cannot be said to be "seeking admission" for the same reasons the court articulated in both *Aguilar* and *Singh*.

That leads the court to the question of the appropriate classification for Mr. Mojica Arias. He argues that he should be classified under 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). The Warden argues that, assuming Mr. Mojica Arias cannot be held without bond under 8 U.S.C. § 1225(b)(2), he is nevertheless subject to mandatory detention under 8 U.S.C. § 1226(c) because of the pending burglary charge.

It is unnecessary for the court to decide in the first instance whether Mr. Mojica Arias should be classified under § 1226(a) or § 1226(c) because a process exists for Mr. Mojica Arias to challenge his classification under § 1226(c) before an immigration judge. A noncitizen who contests his classification under § 1226(c) may request a "*Joseph* hearing," pursuant to *In re Joseph*, 22 I. & N. Dec. 799, 799 (BIA 1999). "This '*Joseph* hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c)." *Demore v. Kim*, 538 U.S. 510, 514 (2003); *see* 8 C.F.R. § 1003.19(h)(2)(ii) ("[N]othing in this paragraph shall be construed as prohibiting an alien from seeking a determination by an immigration judge that the alien is not properly included within [8 U.S.C. § 1226(c)(1)]"). When an immigration judge "determines the alien does fall within § 1226(c), then he is without authority to conduct an individualized bond determination," but if the immigration judge "determines the alien does not fall within § 1226(c), then he may consider the question of bond." *Gonzalez v. O'Connell*, 355 F.3d 1010, 1013 (7th Cir. 2004) (citations omitted). The noncitizen may appeal the ruling to the BIA "under the same governing principles." *Id.*

The court has oft said, and perhaps by now has said in ruling on nearly every habeas corpus petition of many immigration matters that have come before it—the parties, both

4

noncitizens and the government alike, must comply with our immigration laws as they are written and as they must work within constitutional demands. *See, e.g., Zadvydas*, 533 U.S. at 701; *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). The government has predetermined the procedures that apply to noncitizens who are arrested and detained under § 1226, and due process requires merely that they be fairly given, not taken away. *See Accardi*, 347 U.S. at 266-68; *see, e.g., Jideonwo v. I.N.S.*, 224 F.3d 692, 697 (7th Cir. 2000). The seeds of this understanding rest "in the long-settled principle that the rules promulgated by a federal agency, which regulate the rights and interests of others, are controlling upon the agency." *Montilla v. I.N.S.*, 926 F.2d 162, 166 (2d Cir. 1991).

Because Mr. Mojica Arias was improperly classified under § 1225(b)(2), he has not had the opportunity to make use of the process available to him to challenge any classification under § 1226(c). The government has decided what that process is by regulation, and he gives no reason to believe that this process is undue or otherwise insufficient. Absent something else, the court will order no more and no less than what is expected of immigration officials by law. *See Accardi*, 347 U.S. at 268; *see also United States v. Nixon*, 418 U.S. 683, 696 (1974) ("So long as this regulation [delegating Attorney General's discretion to a Special Prosecutor] remains in force the Executive Branch is bound by it, and indeed the United States as the sovereign composed of the three branches is bound to respect and to enforce it.").

The court has the same expectation of compliance for the petitioner—follow the rules. It appears Mr. Mojica Arias did not seek a custody redetermination or a *Joseph* hearing before an immigration judge before filing his petition, though until now he might not have been

aware that he may be subject to § 1226(c). When "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be done. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). A court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy and administrative comity. *Id.* at 1017. A petitioner "with a statutory argument that has a reasonable prospect of affording him relief may not skip the administrative process and go straight to federal court," *id.* at 1018, though "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue," *id.* at 1016.

Perhaps he thought it futile to seek a custody redetermination, because an immigration judge might follow *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), but thus far in this circuit that guidance has been found erroneous such that, as the days pass, that futility seems harder to presume. At the same time, maybe only a United States Supreme Court decision will make it so. Based on the early stages of now many § 2241 petitions and an unbroken record of denials of custody redeterminations (even when noncitizens have been arrested pursuant to a warrant like he was) because immigration officials believe they must be classified under § 1225(b)(2), the court finds there was no reasonable prospect of success, absent a determination by the court that he must not be classified under § 1225(b)(2). It may not have been as futile to seek a *Joseph* hearing, except to the extent the government maintained its first argument that he fell under § 1225(b)(2) rather than the newly proposed § 1226(c).

None of this affects the court's jurisdiction, but it does affect Mr. Mojica Arias's relief. The appropriate remedy is to put the ball in his court to file a motion for a *Joseph* hearing or, if ICE officials don't assert § 1226(c) as a basis to detain him, a custody redetermination in his pending removal proceedings, with the benefit of a finding from the court that he is not categorically ineligible for bond under 8 U.S.C. § 1225(b)(2). The court likewise must deny immediate release because Mr. Mojica Arias has not met his burden of showing his current detention is unlawful under § 1226.

For these reasons, the court:

(1) DENIES the petition [ECF 1], except to FIND that Eugenio Mojica Arias must not be classified under 8 U.S.C. § 1225(b)(2), including for purposes of any *Joesph* hearing or custody redetermination; and

(2) DIRECTS the clerk to enter final judgment and to close this case.

SO ORDERED.

May 15, 2026                                    *s/ Damon R. Leichty*
                                                Judge, United States District Court